UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK A. BARNHARDT,

        Plaintiff,

  -vs-

ANDREW SAUL, Commissioner of Social Security,

        Defendant.

DECISION AND ORDER

18-CV-6632-MJP

---

## INTRODUCTION

Plaintiff Mark A. Barnhardt ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (ECF No. 19.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 7 & 12.) For the reasons set forth below, the Court finds that the Administrative Law Judge ("A.L.J.") erred in making a Residual Functional Capacity ("RFC") determination without any functional medical opinion evidence such that his RFC could not have been based upon substantial evidence. This matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On March 12, 2015, Plaintiff protectively filed an application for SSI. (R. 87.) Plaintiff alleged disability beginning on May 15, 2013, including back problems and issues with his right leg and knee. (R. 82–83; 215.) The Social Security Administration denied Plaintiff's claim on July 9, 2015. (R. 82–87.) On July 27, 2017, a hearing was held before an A.L.J. in Rochester, New York. (R. 29–81.) Plaintiff and his representative were present at the hearing. (R. 29.) A vocational expert also testified at the hearing (R. 29.)

The A.L.J. issued an unfavorable decision on September 5, 2017, finding that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine and obesity." (R. 18.) Nevertheless, the A.L.J. determined that Plaintiff was able to "perform the full range of light work as defined in 20 CFR 416.967(b)." (R. 20.)

Plaintiff appealed to the Social Security Administration's Appeals Council and that body denied his request for review on July 6, 2018, making the A.L.J.'s decision the Commissioner's final decision. (R. 1–6.) Plaintiff filed this lawsuit on September 4, 2018.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

2

cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected

to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1)  whether the claimant is currently engaged in substantial gainful activity;
>
> (2)  if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3)  if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4)  if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5)  if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)(v) & 416.920(a)(4)(i)(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises one issue for the Court's review, asserting that "[t]he RFC is not supported by substantial evidence because there is no functional medical opinion evidence in the record." (Pl.'s Mem. of Law at 1, Feb. 25, 2019, ECF No. 7-1.) For the reasons explained below, the Court finds that this matter must be remanded.

### *The A.L.J.'s RFC Was Not Supported by Substantial Evidence.*

"[I]n the absence of a competent medical opinion, an A.L.J. is generally not qualified to assess a claimant's RFC on the basis of bare medical findings…. Thus, even though the Commissioner is empowered to make the RFC determination, where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities, the general rule is that the Commissioner may not make the connection himself." *Keith v. Berryhill*, No. 1:17-CV-00669 (JJM), 2019 WL 2135482, at *3 (W.D.N.Y. May 16, 2019) (internal quotations and citations omitted); *Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 257 (W.D.N.Y. 2018) ("[a]n A.L.J. is not a medical professional, and is not qualified to assess a claimant's RFC on the basis of bare medical findings."). In other words, the A.L.J. may not interpret raw medical data in functional terms. *Smith v. Comm'r of Soc. Sec.*, 337 F. Supp. 3d 216, 226 (W.D.N.Y. 2018) (citations omitted). It is error for an A.L.J. to make an RFC determination without opinions from medical professionals concerning the impact of the

objective medical evidence on a plaintiff's RFC. *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016).

Here the A.L.J. indicates that "no treating source has provided an assessment of the claimant's functional abilities. Therefore, I have relied primarily on the information contained within the treatment records provided." (R. 22.) Indeed, it appears that the sole opinion in the record was from the State Agency consultant, who concluded that there was insufficient evidence to decide the claim and, therefore, that opinion did not contain any functional assessment. While the Court is cognizant that Plaintiff failed to appear for two scheduled consultative examinations, the A.L.J. does not cite Plaintiff's failure to attend these appointments as a reason for finding that Plaintiff is not disabled. (R. 262–63); *contra. Baca v. Berryhill*, Civ. No. 15-938 (SCY), 2017 WL 3585650, *13 (D. New Mexico, Mar. 31, 2017) ("The A.L.J.'s primary basis for denying Plaintiff benefits was that Plaintiff rejected the agency's first two consultative examiners and failed to show up for her appointment with the third. In so doing, the A.L.J. relied on 20 C.F.R. § 404.1518, which states in relevant part, 'If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind.' 20 C.F.R. § 404.1518.").

Moreover, the record demonstrates that Plaintiff had a lumbar spine X-ray in 2013, and it was the doctor's impression that Plaintiff had "[m]oderate to severe degenerative changes at the L5-S1." (R. 313.) The record also contains complaints of back pain to his treatment providers. (*e.g.*, R. 376 (Plaintiff diagnosed with "Lumbago with sciatica, unspecified side" and prescribed Cyclobenzaprine in October 2015.)) In the absence of any opinion evidence addressing any functional limitations related to Plaintiff's severe impairments, the A.L.J.'s RFC could not have been based upon substantial evidence. Further, there is no evidence in the record that the A.L.J. reached out to any of Plaintiff's former providers for an opinion regarding his functionality.

The cases cited by the Commissioner in rebuttal of Plaintiff's assertion, that the A.L.J.'s RFC was not supported by substantial evidence because the record contained no functional medical opinion evidence, do not support the Commissioner's position. Indeed, the Commissioner cites to *Dougherty-Noteboom v. Berryhill*, No. 17-CV-00243, 2018 WL 3866671, at *8–10 (W.D.N.Y. Aug. 15, 2018) for the proposition that the A.L.J. is responsible for assessing a plaintiff's RFC and that "the regulations contemplate that the A.L.J. may form the RFC, at least in part, by making determinations about the 'bare medical findings' independent of expert opinion." (Comm'r's Mem. of Law at 15, Jun. 18, 2019, ECF No. 12-1.) However, the *Dougherty-Noteboom* case does not say that an A.L.J. is permitted to make an RFC determination without any functional medical opinion evidence. In fact, in *Dougherty-Noteboom* the

A.L.J. considered opinion evidence from five treatment providers to which the A.L.J. assigned variable weight. *Dougherty-Noteboom*, 2018 WL 3866671, at *9. In analyzing the plaintiff's claim that the A.L.J. rejected the only medical opinion evidence in the record such that the A.L.J.'s RFC was not based upon substantial evidence, the Court noted that where an "A.L.J. had no medical opinion to work with, . . . his RFC assessment could not possibly have been based on anything other than 'raw data,'" but further provided that "[i]n this case, Dr. Boehlert's opinion was in the record, and the A.L.J. discussed it thoroughly in his decision." *Id.* at *9. In sum, the Commissioner's reliance on the *Dougherty-Noteboom* case for the notion that "the A.L.J.'s conclusion that Plaintiff could perform light work is supported by the A.L.J.'s discussion of the objective medical evidence as well as Plaintiff's treatment history and testimony" is faulty. (Comm'r's Mem. of Law at 15–16.)

The Commissioner also cites to *Monroe v. Commissioner of Social Security*, 676 Fed. App'x 5, *7–9 (2d Cir. 2017) (summary order), in support of its assertion that "an A.L.J. can reach an RFC without supportive medical source statements" because in *Monroe*, "the A.L.J. rejected the only medical opinion in the record, which meant there was no medical opinion with regard to the plaintiff's functional capacity." (Comm'r's Mem. Of Law at 16.) The *Monroe* case is also distinguishable from the present case. While it is true that in *Monroe* the A.L.J. rejected the treating physician's opinion—the only opinion in the record—due to its internal inconsistencies, the Court found that

8

although the A.L.J. ultimately rejected Dr. Wolkoff's medical assessment, she relied on Dr. Wolkoff's treatment notes dating back before the alleged onset date. Not only do Dr. Wolkoff's notes include descriptions of Monroe's symptoms, but they also provide contemporaneous medical assessments of Monroe's mood, energy, affect, and other characteristics relevant to her ability to perform sustained gainful activity. The A.L.J. also considered Dr. Wolkoff's well-documented notes relating to Monroe's social activities relevant to her functional capacity—such as snowmobile trips, horseback riding, and going on multiple cruise vacations. Because the A.L.J. reached her RFC determination based on Dr. Wolkoff's contemporaneous treatment notes—while at the same time rejecting his *post hoc* medical opinion ostensibly based on the observations memorialized in those notes—that determination was adequately supported by more than a mere scintilla of evidence.

*Monroe*, 676 Fed. App'x at *8–9.

In sum, the A.L.J.'s RFC in *Monroe* was supported based upon the "years' worth" of contemporaneous treatment notes that contained information relevant to determine the plaintiff's ability to perform sustained gainful activity. *Id.* at *9. Such is not the case here where the record does not contain medical records from which an RFC can be gleaned. There are certainly not years' worth of records from one treatment provider tracking Plaintiff's impairments and functional capacity. Without this, and without any functional medical opinion evidence, the RFC could not have been based upon substantial evidence.

The forgoing errors require reversal and remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 7) is granted and the Commissioner's motion for judgment

9

on the pleadings (ECF No. 12) is denied. The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED:  March 23, 2020
            Rochester, New York

                                          <u>/s/ Mark W. Pedersen</u>
                                          MARK W. PEDERSEN
                                          United States Magistrate Judge